IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES ERIC LOFTEN | § | |
|     TDCJ-CID #616132 | § | |
| V. | § | C.A. NO. C-05-191 |
| | § | |
| U.S. GOVERNMENT, ET AL. | § | |

**MEMORANDUM AND RECOMMENDATION TO DENY
PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS***

Pending is plaintiff's motion to proceed *in forma pauperis* ("i.f.p.") (D.E. 7). For the reasons stated herein, it is respectfully recommended that plaintiff's i.f.p. application be denied, and that plaintiff be required to pay the full civil filing fee before proceeding with this lawsuit.

**I. JURISDICTION**

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

**II. BACKGROUND**

Plaintiff is a Texas state prisoner currently incarcerated at the McConnell Unit in Beeville, Texas. In his original complaint, plaintiff, proceeding *pro se,* claims that the U.S. Government, the Federal Judiciary, Congress, the Texas Attorney General, and certain McConnell unit employees have conspired to deprive him of his constitutional right of access to the courts. In his first claim for relief, plaintiff claims that he was ordered to submit a copy of his inmate trust fund account statement in a pending habeas action, C.A. No. C-05-174, but that Officer Ambriz refused to process his request.[1] He also complains that, since he has been on the McConnell Unit, the law library staff has refused to give him printouts or extra paper, despite the fact that he had due two writs of certiorari. He claims that Officer Ambriz and her staff have refused to provide him with proper postage, and that his

---

[1] In fact, plaintiff submitted the requested information (D.E. 10), and his application to proceed i.f.p. was granted. See C.A. No. C-05-174 at D.E. 16.

grievances concerning his legal supplies and mail have been ignored. Plaintiff claims that he has been prejudiced in numerous lawsuits due to the mishandling of his legal mail, but that the federal courts to which he has complained have rejected his allegations and have conspired with the TDCJ to deny him access to the courts.

### III. DISCUSSION

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), prohibits a prisoner from proceeding i.f.p. in a civil action if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). The "three strikes" rule has been upheld against a variety of challenges to its constitutionality. Carson v. Johnson, 112 F.3d 818, 821 (5th Cir. 1997); see also Wilson v. Yaklich, 148 F.3d 596, 605 (6th Cir. 1998), cert. denied, 525 U.S. 1139 (1999); Rodriguez v. Cook, 169 F.3d 1176, 1178-82 (9th Cir. 1999); Rivera v. Allin, 144 F.3d 719, 723-24 (11th Cir. 1998).

Plaintiff is an abusive litigant who has accumulated at least five strikes under 28 U.S.C. § 1915(g). See Lofton[2] v. TDCJ-ID, et al., No. 1:97-cv-093 (N.D. Tex. May 2, 1997) (first strike); Lofton v. TDCJ-ID, et al., No. 1:97-cv-076 (N.D. Tex. May 2, 1997) (second strike); Lofton v. Lofton, et al., No. 97-10136 (5th Cir. Dec. 17, 1997) (third strike); Lofton v. Johnson, et al., No. 99-10749 (5th Cir. Oct. 18, 1999) (fourth strike); and Lofton v. Clinton, 1:00-cv-622 (E.D. Tex. June 27, 2001. Plaintiff has also been sanctioned three times by the Fifth Circuit: In re James Eric Lofton, No. 02-40145 (5th Cir. Mar. 11, 2002) ($100); In re James Eric Loften, No. 02-40099 (5th Cir. Feb. 28, 2002) ($105); In re James Eric Loften, No. 02-40101 (5th Cir. Mar. 22, 2002) ($105). There is no

---

[2] Plaintiff's name is spelled both "Loften" and "Lofton" in these other lawsuits.

indication on the docket sheets that the sanctions have ever been paid.

Plaintiff is barred from proceeding i.f.p. in this civil action unless he shows that he is under imminent danger of serious physical injury. In his complaint, plaintiff makes no allegation that he is under imminent danger of serious physical injury or other physical threat.  As such, plaintiff is prohibited from proceeding i.f.p.   28 U.S.C. § 1915(g).

## IV.  **RECOMMENDATION**

Because plaintiff is an abusive litigant who has failed to allege imminent danger, he is not entitled to proceed i.f.p.  Accordingly, it is respectfully recommended that plaintiff's motion to proceed i.f.p. (D.E.  7) be denied, and that plaintiff be instructed to pay the $250.00 civil filing fee within thirty (30) days.

Respectfully submitted this 16th day of June, 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to FED. R. CIV. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 2001-6, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).