IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES ERIC LOFTEN § | | |
| TDCJ-CID #616132 § | | |
| V. § | | C.A. NO. C-05-191 |
| § | | |
| U.S. GOVERNMENT, ET AL. § | | |

## ORDER DENYING PLAINTIFF'S MOTION FOR CONTINUANCE

Pending is plaintiff's motion for continuance (D.E.11). For the reasons stated herein, plaintiff's motion is DENIED.

### I. Background

Plaintiff is an abusive litigant who is barred from proceeding *in forma pauperis* ("i.f.p.) due to his numerous frivolous filings. See 28 U.S.C. § 1915(g). On April 21, 2005, plaintiff filed the instant civil rights action complaining that the U.S. Government, the Federal Judiciary, Congress, the Texas Attorney General, and certain McConnell unit employees were conspiring to deprive him of his constitutional right of access to the courts (D.E. 1). Plaintiff sought leave to proceed i.f.p. (D.E. 7), but, because he is a three-strikes litigant and did not allege any imminent danger, it was recommended that his i.f.p. application be denied (D.E. 10).[1] Plaintiff did not file objections to the recommendation, and the deadline for doing so has run.

### II. Motion for Continuance

In his request for a continuance, plaintiff alleges that, due to the conspiracy against him, he is being denied an adequate supply of paper and given defective pens. He claims that he is being denied law books, that his mail has been stolen, and that he has been harassed. Plaintiff does not contend that

---

[1] That recommendation is still pending.

any defendant has prevented him from paying the civil filing fee.

### III. Discussion

Plaintiff's allegations of lack of legal supplies and denial of access to the courts is belied by his activity in this case and in a habeas action, C.A. No. C-05-174. In both cases, plaintiff has continued to ignore court orders to move his case forward, but instead, has opted to file nonsensical and fanciful pleadings, evidencing that he does in fact have both paper and pen, and that his mail is being delivered. His motion for continuance is frivolous.

Moreover, the pressing issue for plaintiff at this juncture is the payment of the filing fee. Plaintiff did not seek a continuance on this issue; however, had he done so, it would be recommended that any continuance to pay the filing fee be denied. This is because the very purpose of amended section § 1915 is to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time. See Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997); McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997). Section 1915(g) denies the installment payment method to three strikes litigants. Carson v. Johnson, 112 F.3d 818, 821 (5th Cir. 1997). The courthouse doors are not closed to three-strike litigants, but they must pay the full ordinary filing fees sooner rather than later. Medberry v. Butler, 185 F.3d 1189 (11th Cir. 1999).

In this case, any request by plaintiff to pay the civil filing fee in installments is essentially a request to proceed *in forma pauperis*, and plaintiff is clearly banned from doing so. Thus, to the extent plaintiff's request for a continuance is a request to pay the fee over time, it is denied.

### IV. Conclusion

Plaintiff's motion for continuance (D.E. 11) is DENIED.

ORDERED this 13th day of July, 2005.

                                            B. JANICE ELLINGTON
                                            UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to FED. R. CIV. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 2001-6, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (1996) (en banc).