IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES ERIC LOFTEN | § | |
|     TDCJ-CID #616132 | § | |
| V. | § | C.A. NO. C-05-191 |
| | § | |
| U.S. GOVERNMENT, ET AL. | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO DENY PLAINTIFF'S MOTION FOR NEW TRIAL**

Pending is plaintiff's "Motion to Amend the Substance of the Judgment, Order Obtained by Fraud, Conspiracy." (D.E. 32). Construing plaintiff's motion as a Rule 59(e) motion for new trial, it is respectfully recommended that the motion be denied.

**I. Background**

Plaintiff filed suit on April 21, 2005, claiming that the U.S. Government, the Federal Judiciary, Congress, the Texas Attorney General, and certain McConnell unit employees were conspiring to deprive him of his constitutional right of access to the courts.[1] (D.E. 1). Plaintiff sought leave to proceed *in forma pauperis* ("i.f.p."). (D.E. 7). It was recommended that plaintiff's i.f.p. motion be denied because he is a three-strikes, abusive litigant and he failed to allege imminent danger. See 28 U.S.C. § 1915(g). (D.E. 10). On July 26, 2005, the Court adopted the recommendation, denied plaintiff's i.f.p. motion, and ordered him to pay the full filing fee within thirty days, that is, by August 25, 2005. (D.E.13). Plaintiff failed to pay the filing fee as ordered, and it was recommended that the case be dismissed. (D.E. 21). Plaintiff did not file objections to the recommendation, and on January 31, 2006, the Court adopted the recommendation and dismissed plaintiff's complaint without prejudice for failure to prosecute. (D.E. 30, 31).

---

[1] Although plaintiff characterized his action as one for habeas corpus relief, it was opened correctly as a civil rights action.

## II. Discussion

Any motion asking the Court to revisit its judgment filed within ten days of entry is considered made pursuant to Rule 59(e). Days v. Johnson, 322 F.3d 863, 865 n.3 (5th Cir. 2003) (per curiam); Bass v. Department of Agriculture, 211 F.3d 959, 962 (5th Cir. 2000); Fletcher v. Apfel, 210 F.3d 510, 511 (5th Cir. 2000). In this case, final judgment was entered on January 31, 2005 ( D.E. 31). Plaintiff executed his motion to amend on February 9, 2006, and it is deemed filed as of that date. Spotville v. Cain, 149 F.3d 374, 376 (5th Cir. 1998). Thus, his motion was filed within ten days of entry of final judgment, and is considered properly under Rule 59(e).

"A Rule 59(e) motion is a motion that calls into question the correctness of a judgment. Rule 59(e) is properly invoked 'to correct manifest errors of law or fact or to present newly discovered evidence.'" In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002) (quoting Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)).

In his motion to amend (D.E. 32), plaintiff fails to address the basis on which his action was dismissed, that is, his failure to pay the filing fee. He does not challenge the facts as set forth in the recommendation nor does he argue that the law was applied in error. He does not claim that there is newly discovered evidence that would call into question the denial of his i.f.p. application and the dismissal of his case. Rather, plaintiff simply re-alleges the claims made in his original complaint, that a conspiracy exists to deny him access to the courts. Those allegations are not properly considered herein as the merits of plaintiff's claims were not reached or addressed because he never paid the filing fee. Plaintiff fails to argue that there was any manifest error of law or fact, nor does he present any new evidence concerning his three-strikes status. His case was properly dismissed for failure to prosecute.

### III. Recommendation

Plaintiff has failed to establish manifest errors of law or fact or present newly discovered evidence as required in a Rule 59(e) motion. Accordingly, it is respectfully recommended that plaintiff's motion to amend (D.E. 32), be denied.

Respectfully submitted this 16th day of March 2006.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).